# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| JAMES J. DRAPER, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | Case No. CIV-18-1195-R |
| JIMMY MARTIN | ) |  |
| Respondent. | ) |  |

## ORDER

Petitioner James Draper, a state prisoner appearing *pro se*, filed an Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his state convictions. Doc. No. 18. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell. On October 16, 2019, Judge Purcell issued his Third Supplemental Report and Recommendation.[1] Doc. No. 38. Therein, Judge Purcell recommends that the Amended Petition for a Writ of Habeas Corpus be denied. The matter is currently before the Court on Petitioner's timely objection to the Third Supplemental Report and Recommendation, Doc. No. 41, which gives rise to the Court's obligation to undertake a de novo review of those portions of the Report and Recommendation to which Petitioner makes specific objection. *See* 28 U.S.C. § 636(b)(1)(C). Cognizant of its obligation and granting Petitioner's filing the liberal

---

[1] Judge Purcell had previously issued a Report and Recommendation, Doc. No. 7, a Supplemental Report and Recommendation, Doc. No. 17, and a Second Supplemental Report and Recommendation, Doc. No. 29.

1

construction mandated by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court finds as follows.

Petitioner raises four grounds for habeas relief. First, he asserts that his convictions for Burglary in the First Degree (Count 1) and Conjoint Robbery with a Firearm (Count 2) constituted a violation of the prohibition against double jeopardy. Second, he argues that he was actually innocent of the charges of various sex crimes[2] and the subsequent conviction based on inconclusive DNA evidence. Third, he contends that he was deprived of effective counsel because his trial counsel did not argue that he was actually innocent of the conviction for rape based on the DNA evidence. Fourth, he claims his guilty plea was coerced by his trial counsel as demonstrated by the typewritten guilty-plea statement that he read but did not write himself.

As to Petitioner's first and fourth grounds for relief—double jeopardy and coercion—Judge Purcell concludes that the Oklahoma Court of Criminal Appeals (OCCA) either did apply or should have applied a procedural bar because the claims were raised for the first time in Petitioner's fourth application for post-conviction relief, and thus waived on direct appeal.[3] *See* Doc. No. 38, p. 6–7, 12–13. Judge Purcell submits that the procedural bar is an adequate and independent state ground, prohibiting the Court from reviewing Petitioner's claims. *Id.* at 4–5. He further cites to *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) which provides that a petitioner may overcome a procedural bar by demonstrating

---

[2] Petitioner references only the crime of rape in his claim but considering Petitioner's arguments and the liberal construction granted to *pro se* litigants in this context, *see Haines v. Kerner*, 404 U.S. 519, 521 (1972), the Court construes the claim as relating to each sex crime for which Petitioner was charged and convicted.
[3] The Court addresses Petitioner's first and fourth claims at the same time given their similar procedural posture.

cause for the default and actual prejudice or by showing that a fundamental miscarriage of justice will occur if the Court does not review the claims on the merits. *Id.* at 5. Ultimately, Judge Purcell recommends that both claims be denied as procedurally barred because Petitioner has failed to show cause, actual prejudice, or a fundamental miscarriage of justice. *Id*. at 6–9, 12–13.

In his objection, Petitioner attempts to demonstrate cause and prejudice, and a fundamental miscarriage of justice. As to ground one, he argues that his double jeopardy claim should not be subject to a procedural bar because the Attorney General made false statements concerning exhaustion, and because the state court ordered Petitioner to "file in the state courts a frivolous term to exhaust claim [sic]." Doc. No. 41, p. 2. As to ground two, Petitioner simply re-asserts that his trial counsel coerced his guilty plea. *Id.* The Court need not address either of these objections.

Upon careful review of the record, it appears that in Petitioner's fourth post-conviction appeal, the OCCA did not apply a procedural bar, based on waiver, to either Petitioner's double jeopardy or coercion claims. Instead, the OCCA denied the claims under the doctrine of *res judicata* because it believed the claims were already addressed on direct appeal. Doc. No. 20, p. 4.[4] The Petitioner is therefore under no obligation to

---

[4] To be sure, the Court agrees with Judge Purcell to the extent he concludes that the OCCA should have applied a procedural bar to Petitioner's double jeopardy and coercion claims on the basis of waiver. As explained below, the double jeopardy and coercion claims raised on post-conviction, and subsequently in this habeas petition, were factually distinct from those raised on direct appeal, and thus subject to waiver. *See Eulitt v. Harvanek*, No. 14-CV-0538-CVE-FHM, 2017 WL 3674820, 11 (N.D. Okla. Aug. 25, 2017) (noting that under Oklahoma law, Petitioners are not allowed to "subdivid[e] . . . an issue as a vehicle to relitigate at a different stage of the appellate process. Any additional allegations as to [the claims already addressed on direct appeal] have been waived.") (internal citations and quotation marks omitted). Nevertheless, the appropriate path forward, as described by the Tenth Circuit below, does not involve re-writing the OCCA's decision on post-conviction appeal and requiring Petitioner to overcome a procedural bar.

3

demonstrate cause for his default on grounds one or four, actual prejudice, or a fundamental miscarriage of justice. Under normal circumstances, the Court would review the merits of the OCCA decision on direct appeal. *See Cone v. Bell*, 556 U.S. 449, 467 (2009) (noting that claims rejected by *res judicata* are not procedurally barred, but *ripe* for federal adjudication); *see also* 28 U.S.C. § 2254(d)(1) (describing the deference provided to state courts on habeas review). Here, however, the double jeopardy and coercion claims raised in Petitioner's fourth post-conviction appeal, and subsequently in this habeas action, are factually distinct from the claims raised on direct appeal. *Compare* Doc. No. 34-14, pp. 25–27 *with* Doc. No. 34-17, p. 3 *and* Doc. No. 18, p. 5. Consequently, the OCCA decision on direct appeal does not address the merits of Petitioner's new double jeopardy and coercion claims raised in the habeas petition now before the Court.

According to the Tenth Circuit, "if the state court did not decide a claim on the merits, and the claim is not otherwise procedurally barred, we address the issue de novo and the § 2254(d)(1) deference requirement does not apply." *Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004); *see also LeBere v. Abbott*, 732 F.3d 1224, 1234 n.12 (10th Cir. 2013).[5] As mentioned above, the OCCA did not address the merits of the double jeopardy or coercion claims that Petitioner raises in this amended habeas petition. Nor did

---

[5] In *LeBere v. Abbott*, 732 F.3d 1224 (10th Cir. 2013), the petitioner raised a state-law claim on direct appeal and, based on the same facts, a *Brady* claim on post-conviction review. As here, the state court refused to reach the merits of the new claim raised on post-conviction appeal under the doctrine of *res judicata* because it construed the new post-conviction claim as identical to the original direct-appeal claim. The Tenth Circuit acknowledged that the state court's use of *res judicata* was incorrect but found that there was no procedural bar to habeas review. *Id.* at 1233–34. Instead, the Tenth Circuit suggested that a state court's failure to address the merits of a claim—due to its misapplication of the doctrine of *res judicata*—triggers de novo review by the federal courts. *Id.* at 1234 n.12 (citing *Mitchell v. Gibson*, 262 F.3d 1036, 1045 (10th Cir. 2001)). On remand, the District Court addressed the merits of the claim, de novo. *LeBere v. Trani*, No. 03-CV-01424-MSK-MEH, 2016 WL 6927870, at *2 (D. Colo. Nov. 28, 2016), *rev'd on other grounds*, 746 F. App'x 727 (10th Cir. 2018). The Court proceeds in the same manner.

the OCCA apply a procedural bar to either claim. Therefore, the matter is recommitted to Judge Purcell to address the claims de novo, without the deference described in § 2254(d).

As to Petitioner's second ground for relief—that he was actually innocent—Judge Purcell recommends denial on the basis that such a claim cannot, by itself, support the granting of a writ of habeas corpus. Doc. No. 38, p. 10 (citing *LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001)). Petitioner does not make a proper objection to Judge Purcell's legal conclusion. Instead, he merely re-asserts that he was actually innocent. Doc. No. 41. What's more, the Court concurs with Judge Purcell's analysis and legal conclusion.

As to Petitioner's third ground for relief—that he was deprived of effective assistance of counsel—Judge Purcell also recommends denial. He finds that the OCCA applied a procedural bar, the basis of which was Petitioner's waiver on direct appeal. Doc. No. 38, p. 10—12. Further, he concludes that Petitioner fails to demonstrate cause and actual prejudice or a fundamental miscarriage of justice to overcome the procedural bar. *Id.* Petitioner again fails to make a proper objection. He does not attack Judge Purcell's legal or factual determinations, but instead simply re-asserts that his counsel made multiple errors at trial. Doc. No. 41, p. 2. As above, the Court concurs with Judge Purcell's conclusions, both on the law and as to the OCCA's application of a procedural bar.

For the foregoing reasons, the Court declines to adopt the Report and Recommendation as to Petitioner's double jeopardy and coercion claims. The Court, however, adopts the remainder of the Report and Recommendation. Petitioner's claims of actual innocence and ineffective assistance of counsel raised in his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 are hereby denied. In accordance with 28

U.S.C. § 636(b)(1)(C), the matter is recommitted to Judge Purcell for additional proceedings regarding Petitioner's double jeopardy and coercion claims.

**IT IS SO ORDERED** this 24th day of February 2020.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE