## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JAMES J. DRAPER,                    )
                                    )
    Petitioner,                 )
                                    )
v.                                  )          Case No. CIV-18-1195-R
                                    )
JIMMY MARTIN                        )
                                    )
    Respondent.                 )

## ORDER

Before the Court is the Fourth Supplemental Report and Recommendation (Doc. No. 60) issued by Magistrate Judge Gary M. Purcell pursuant to a referral under 28 U.S.C. § 636(b)(1)(B). Petitioner filed a timely objection to the Report and Recommendation (Doc. No. 61). The timely objection gives rise to the Court's obligation to undertake a de novo review of those portions of the Report and Recommendation to which Petitioner makes specific objection. *See* 28 U.S.C. § 636(b)(1)(C). The Court has conducted this *de novo* review, granting Petitioner's filing the liberal construction mandated by *Haines v. Kerner*, 404 U.S. 519 (1972), and Court finds as follows.

As a result of the Court's prior Orders, there remain for consideration two grounds for relief from the Amended Petition. In Ground One, Petitioner argues that his conviction on both Count 1, Burglary in the First Degree, and Count 2, Conjoint Robbery with a Firearm, violated the prohibition against double jeopardy. Petitioner's final contention, Ground Four of the Petition, seeks relief on the basis that his guilty plea was coerced by his trial counsel. Judge Purcell concluded that these claims are subject to *de novo* review,

1

because the Oklahoma Court of Criminal Appeals did not reach of merits of the claims, erroneously stating that the issues had been addressed on direct appeal. *See Cone v. Bell*, 556 U.S. 449, 466 (2009)("[W]hen a state court declines to review the merits of a petitioner's claim on the ground that it has done so already, it creates no bar to federal habeas review."). He concluded that Petitioner was not entitled to habeas relief on either ground, which will be addressed in turn.[1]

With regard to the double jeopardy claim, the Report and Recommendation makes alternative findings—first that the claim was waived—and second that the claim lacked merit when considered *de novo* in light of Oklahoma law defining the crimes of burglary and conjoint robbery with a firearm. The objection to the Report and Recommendation makes only fleeting reference to Petitioner's declaratory judgment claim. He asserts "The U.S.C. court has made contradicting statements on the report and recommendation regarding the Petitioner's involuntary plea deal as well as the Petitioner's double jeopardy claim as well (sic)." (Doc. No. 61, p. 1). The only other reference to double jeopardy is with regard to the alleged ineffective assistance of counsel, a claim not before the Court at this juncture. (Doc. No. 61, p. 2 )("The Trial counsel was supposed to bring up the fact that the case in question would be double Jeopardy"). Objections to a report and recommendation must be timely and specific in order to preserve an issue for *de novo* review. *United States v. One Parcel of Real Property,* 73 F.3d 1057, 1060 (10th Cir. 1996). The above references are wholly insufficient to challenge the findings set forth in the

---

[1] Although the Court grants liberal construction to Petitioner's objection, it will not craft arguments on his behalf. To the extent the objection is not sufficiently specific or confined to the two claims addressed in the Fourth Supplemental Report and Recommendation, the objection has been disregarded.

Report and Recommendation, and because the objection is too general, failure to sufficiently address the issue constitutes a waiver. S*ee id*. Accordingly, the Report and Recommendation is ADOPTED with regard to Ground One of the Amended Petition.

In his final ground for relief Petitioner challenged his guilty plea to the fifteen counts as coerced—that is, involuntary—in violation of his rights under the Fourteenth Amendment. In the Report and Recommendation, Judge Purcell recommends that relief be denied on this claim, having reviewed the form entitled "Plea of Guilty and Summary of Facts" and the transcript from the change of plea hearing. Judge Purcell also reviewed the transcript from a hearing held on November 12, 2010, addressing Petitioner's motion to withdraw his guilty plea.

Petitioner's objection to this finding is slightly more specific than his arguments directed to Ground One. Mr. Draper argues, "[t]he petitioner's transcript show[s] that the petition did not want plea deal." (Doc. No. 61, p 1). He further argues, "[w]hen the Trial Counsel stated that Petitioner would be hammered if he went to trial, this rendered the plea deal involuntary. Proving that Petitioner took plea deal under duress Coercion." (*Id* at p. 3). Judge Purcell addressed and rejected Petitioner's contention that his counsel's prediction that going to trial would likely result in a hefty sentence did not render the plea involuntary.[2] Additionally, Petitioner's contention that he did not want the plea deal is not supported by the record in the case. It is apparent from the record that Petitioner was not satisfied with the sentence he received, and in hindsight, that is after sentencing, he

---

[2] Four of the counts carried the potential for a life sentence.

3

challenged the voluntary nature of his decision to plead guilty because of his dissatisfaction. His answers during the plea colloquy belie his contention that his plea was not knowingly and voluntarily made, and the Court hereby ADOPTS the Report and Recommendation as to this ground of the Petition.

For the reasons set forth herein, the Court hereby ADOPTS the Fourth Supplemental Report and Recommendation. In accordance with this Order and the Court's prior Orders in this case, judgment shall be entered in favor of the Respondent and the Petition is DENIED. Finally, when a court issues a final order adverse to a Petitioner under 28 U.S.C. § 2254, it must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, the movant must show that "reasonable jurists could debate whether...the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted). For the reasons discussed above and in the Court's prior orders, the Court finds that Petitioner has shown neither and thus denies a certificate of appealability.

**IT IS SO ORDERED** this 7th day of October 2020.

*David L. Russell*

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

4